IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY OF THE SOUTH, ) ) ) Plaintiff, ) ) v. ) ) TRIPLE B TRUCKING, LLC, GREGORY ) PETERSON, AND ANN M. HUDEK, ) ) Defendants. ) | Case No. 3:23-cv-65 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, National Indemnity Company of the South ("National Indemnity"), by and through its undersigned counsel, brings this Complaint for Declaratory Judgment and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment for the purposes of determining questions of actual controversy between the parties and construing the rights and legal relations arising from a contract of insurance that National Indemnity issued to defendant Triple B Trucking, LLC. A true and correct copy of the Policy is attached as Exhibit A.

2. Triple B and defendant Gregory Peterson ("Peterson") have demanded that National Indemnity defend and indemnify them under the Policy issued by National Indemnity to Triple B with regard to a lawsuit filed by defendant Ann M. Hudek entitled *Ann M. Hudek v. Triple B Trucking, LLC, et al.*, Cause No.: 26D01-1705-CT-854, pending in Gibson Superior Court, County of Gibson, Indiana (the "Hudek Liability Lawsuit"). A copy of the operative Second Amended Complaint for Damages in the Hudek Liability Lawsuit is attached as Exhibit B.

3. The Hudek Liability Lawsuit arises out of an August 13, 2015 automobile accident involving Peterson which resulted in injuries and damages to several individuals, including defendant Hudek. Triple B owned the semi-tractor driven by Peterson at the time of the accident.

4. National Indemnity agreed to defend Triple B and Peterson in connection with the Hudek Liability Lawsuit subject to a complete reservation of all of its rights, and continues to defend them to date.

5. National Indemnity disputes that it has any continued obligation to defend Triple B or Peterson in the Hudek Liability Lawsuit because the limits of liability under the policy of insurance issued to Triple B are exhausted.

6. National Indemnity disputes that it has any obligation to indemnify Triple B or Peterson for any judgment or settlement in the Hudek Liability Lawsuit because the limits of liability under the policy of insurance issued to Triple B are exhausted.

7. On or about May 19, 2022, Hudek filed a lawsuit seeking a declaratory judgment against multiple defendants, including Triple B and Peterson, in the United States District Court for the Southern District of Indiana, entitled *Ann M. Hudek v. Republic Franklin Ins. Co., et al.*, Case No. 3:22-cv-62 (the "Hudek DJ Action"). A copy of the Amended Complaint for Declaratory Judgment filed in the Hudek DJ Action is attached as Exhibit C.

8. In the Hudek DJ Action, Hudek seeks a declaration that Triple B and Peterson are entitled to liability coverage for Hudek's claims asserted against them in the Hudek Liability Lawsuit under a policy of insurance issued by Republic-Franklin Insurance Company to North East Trailer Services, Inc., NETS Trailer Leasing of TX, LLC, and Nets Trailer Leasing of NJ (collectively, "NETS"). *See* Exh. C at ¶39.

9. According to the Hudek DJ Action, NETS owned the trailer that was connected to the semi-tractor driven by Peterson at the time of the August 13, 2015 accident. *See* Exh. C at ¶25.

10. On information and belief, Triple B and Peterson have not filed an appearance in the Hudek DJ Action.

11. National Indemnity disputes any obligation to defend or indemnify Triple B and Peterson in connection with both the Hudek Liability Lawsuit and the Hudek DJ Action.

12. National Indemnity seeks a declaration that it has fully satisfied all of its obligations owed to Triple B and Peterson with respect to the August 13, 2015 automobile accident, as well as the Hudek Liability Lawsuit.

13. National Indemnity also seeks a declaration that there is no coverage under the policy it issued to Triple B for the claims asserted in the Hudek DJ Action.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

15. Venue is proper under 28 U.S.C. §1446(a) because the United States District Court, Southern District of Indiana is the judicial district where the Hudek Lawsuit and the Hudek DJ Action were filed; and where a substantial part of the events or omissions giving rise to the Hudek Lawsuit and the Hudek DJ Action occurred.

## PARTIES

16. Plaintiff National Indemnity Company of the South is a corporation incorporated under the laws of Iowa and has its principal place of business in Omaha, Nebraska, and therefore is a citizen of the States of Iowa and Nebraska.

17. Triple B Trucking LLC was a limited liability company organized under the laws of the State of Florida and the State of New Jersey with its principal place of business in Mercerville, New Jersey. Because Triple B was a limited liability company, it "carries the citizenship of each of its members." *Perez v. Staples Contract & Commer. LLC*, 31 F.4th 560, 567 (7th Cir. 2022). Triple B had two members, Beatris Garcia and Benjamin Roman, Sr. Ms. Garcia is a citizen of the State of New Jersey and Mr. Roman, Sr. is a citizen of the State of Florida. Therefore, Triple B is a citizen of the State of Florida and the State of New Jersey. On information and belief, Triple B was dissolved and terminated as a business entity effective September 12, 2017.

18. Gregory Peterson is a citizen of the State of New Jersey and currently resides at 135B New Rose Street, Trenton, New Jersey.

19. Ann M. Hudek is a citizen of the State of Illinois and currently resides at 9 Yost Court, Apartment 13A, Lawrenceville, Illinois.

## THE POLICY

20. National Indemnity issued Commercial Policy No. 74 TRS 046540 to Named Insured Triple B Trucking, LLC for the policy period March 29, 2015 to March 29, 2016 (the "Policy").

21. The Policy provides liability coverage subject to certain limitations, exclusions, provisions and conditions. In particular, the Truckers Coverage Form states in pertinent part:

> SECTION II – LIABILITY COVERAGE
>
> **A. Coverage**
>
> We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage to which this insurance applies, caused by an

'accident' and resulting from the ownership, maintenance or use of a covered 'auto'…..

We have the right and duty to defend any 'insured' against a 'suit' asking for such damages….. *Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgment or settlements.*

Exh. A at NATIONAL-TRIPLE B 0025-26 (emphasis added).

22. The limits of liability under the Policy for any one accident is $1,000,000 combined single limit. Specifically, the Truckers Coverage Form states:

> **C. Limits of Insurance**
>
> Regardless of the number of covered 'autos', 'insureds', premiums paid, claims made or vehicles involved in the 'accident', the most we will pay for the total of all damages … is the Limit of Insurance for Liability Coverage show in the Declarations.

Exh. A at NATIONAL-TRIPLE B 0030.

## THE AUGUST 13, 2015 ACCIDENT

23. On August 13, 2015, Peterson was involved in an automobile accident that resulted in damage and injuries to several individuals, including Hudek. (the "Accident").

24. On information and belief, the Accident occurred at the intersection of U.S. Highway 41 and Coal Mine Road in Union Township, Gibson County, Indiana when the tractor-trailer driven by Peterson struck several vehicles, including the vehicle driven by Hudek.

25. On information and belief, in addition to the tractor-trailer driven by Peterson, seven other vehicles were involved in the Accident.

26. After the Accident, multiple claims were made against Peterson and Triple B. Triple B, in turn, tendered those claims to National Indemnity under the Policy.

27. National Indemnity agreed to defend Triple B and Mr. Peterson in connection with all of those claims, subject to the $1 million limits of liability under the Policy.

5

28. National Indemnity also agreed to defend Triple B and Mr. Peterson with regard to six lawsuits filed against them, subject to the $1 million limits of liability under the Policy, including the Hudek Liability Lawsuit and five other lawsuits also arising out of the Accident:

- *Steven Neal Fain, et al. v. Triple B Trucking, LLC, et al*, Case No. 3:15-cv-163-RLY-MPB, filed in the Gibson Superior Court, State of Indiana ("Fain Lawsuit");

- *Janna S. Campbell Luigs vs. Gregory Peterson, et al.* Case No. 26C01-1708-CT-001298, filed in the Gibson Superior Court, State of Indiana ("Luigs Lawsuit"); and

- *Michael J. Smith, et al, v. Triple B Trucking, LLC, et al.*, Case No. 3:16-cv-0194-MPB-RLY, filed in the United States District Court for the Southern District of Indiana ("Smith Lawsuit").
  1.

- *Indiana Farm Bureau Ins. a/s/o Timothy Luigs v. Triple B Truck LLC*, Case No. 26D01-1612-SC-2169, filed in the Gibson Superior Court, State of Indiana ("Indiana Farm Bureau Lawsuit")

- *Shelter Ins. Cos. a/s/o Teresa Higgins v. Gregory Peterson and Triple B Trucking, LLC*, Case No. 49D04 17 03 CT 012731, filed in Marion County Superior Court, State of Indiana ("Shelter Lawsuit")

29. To protect Triple B and Peterson, National Indemnity made payments totaling $924,399.80 to settle the claims of various claimants in relation to the Accident.

30. As a result of these payments, $75,600.20 of the $1 million Policy limits remained available for the Accident.

31. On July 16, 2018, the Court in the Smith Lawsuit entered judgment against Triple B and Peterson in the amount of $500,000.

32. After the judgment was entered, the Smith plaintiffs named National Indemnity as a Garnishee Defendant seeking to collect the remaining limits under the Policy.

33. In response, National Indemnity filed a motion for leave to deposit the remaining policy limits into the Court's registry pursuant to Rule 67 of the Federal Rules of Civil Procedure.

34. In its Motion in the Smith Lawsuit, National Indemnity advised the Court of the pendency of the Hudek Liability Lawsuit and the Luigs Lawsuit, and requested leave to deposit the remaining limits of the Policy into the Court's registry so that the Court could decide whether the entirety of the remaining limits should be applied in partial satisfaction of the judgment entered in the Smith plaintiffs' favor or whether the remaining limits should be allocated between the Smith Plaintiffs, Hudek and the plaintiffs in the Luigs Lawsuit.

35. On November 20, 2018, the Court in the Smith Lawsuit denied National Indemnity's motion and ordered National Indemnity to pay the remaining limits of the Policy plus post judgment interest to the Smith plaintiffs.

36. In accordance with the *Smith* Court's Order, National Indemnity paid the remaining limits of the Policy ($75,600.20) to the Smith plaintiffs. Consequently, the limits of the Policy are fully exhausted.

## COUNT I
## DECLARATION OF NO COVERAGE FOR THE HUDEK LAWSUIT

37. National Indemnity reasserts and incorporates by reference Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

38. On May 22, 2017, Hudek filed the Hudek Liability Lawsuit against Triple B, Peterson and other defendants to recover damages for injuries sustained from the Accident.

39. National Indemnity agreed to defend Triple B and Peterson in connection with the Hudek Liability Lawsuit subject to a complete reservation of all its rights under the terms and condition of the Policy, including the $1 Million limits of liability.

40. In accordance with that agreement, National Indemnity retained defense counsel to represent Triple B and Peterson in the Hudek Lawsuit.

41. To date, National Indemnity continues to defend Triple B and Peterson in the Hudek Liability Lawsuit.

42. Triple B has failed to fully cooperate in the defense of the Hudek Liability Lawsuit. Triple B is dissolved and it is National Indemnity's understanding that its prior owner Benjamin Roman has refused to participate in the litigation.

43. On April 25, 2022, National Indemnity sent Triple B and Roman a Reservation of Rights letter informing them that National Indemnity reserved all of its rights to deny coverage for the Hudek Liability Lawsuit based on their failure to cooperate in the defense of the Hudek Liability Lawsuit as required under the Policy. A true and correct copy of National Indemnity's April 25, 2022 Reservation of Rights is attached as Exhibit D.

44. National Indemnity further advised Triple B and Roman that it reserved its right to withdraw from any further participation in the Hudek Liability Lawsuit and its right to seek reimbursement of attorney fees and costs incurred on their behalf, plus interest. *See* Exh. D at p. 2.

45. National Indemnity also advised Triple B and Roman that the limits of the Policy are exhausted and that National Indemnity will not make any payments on their behalf.

46. National Liability seeks a declaratory judgment under 28 U.S.C. § 2201 that National Liability has no continued obligation to defend Triple B and Peterson in the Hudek Liability Lawsuit because the limits of the Policy are fully exhausted.

47. National Liability seeks a declaratory judgment under 28 U.S.C. § 2201 that National Liability has no obligation to indemnify Triple B and Peterson for any judgment or settlement in the Hudek Liability Lawsuit because the limits of the Policy are fully exhausted.

48. National Liability seeks a declaratory judgment under 28 U.S.C. § 2201 that National Liability has no continued obligation to defend or indemnify Triple B and Peterson based on its failure to cooperate in the defense of the Hudek Liability Lawsuit as required under the Policy.

49. National Liability seeks a declaratory judgment under 28 U.S.C. § 2201 that National Liability has fully satisfied all of its obligations owed to Triple B and Peterson arising out of the Accident.

50. There exists a substantial, bona fide, actual and justiciable dispute between the parties with respect to their demand for coverage under the Policy.

51. National Indemnity is therefore entitled to have a declaration of its rights and obligations under the Policy. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, National Indemnity respectfully prays as follows:

(1) That this Court enter a declaratory judgment that National Indemnity is under no obligation to provide a defense to Triple B and Peterson, or to pay any expenses incurred by them, in connection with the Hudek Liability Lawsuit and any other claim arising out of the Accident; and

(2) That this Court enter a declaratory judgment that National Indemnity has no obligation to indemnify Triple B and Peterson for any judgment or settlement in the Hudek Liability Lawsuit; and

(3) That this Court enter a declaratory judgment that the Policy no longer applies to any claims asserted Triple B and/or Peterson arising out of the Accident; and

(4) That National Indemnify be awarded such other and further relief that this Court deems just and proper.

## COUNT II
## **DECLARATION OF NO COVERAGE FOR THE HUDEK DJ ACTION**

52. National Indemnity reasserts and incorporates by reference Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. In the Hudek DJ Action, Hudek seeks a declaratory judgment that the policy of insurance issued by Republic to NETS for the trailer attached to the Triple B tractor driven by Peterson provides coverage for the Accident.

54. Specifically, the Hudek DJ Action seeks a declaration that Triple B and Peterson are entitled to liability coverage under the NETS policy.

55. On July 11, 2022, National Indemnity advised Triple B and Peterson that the Policy does not afford coverage for the Hudek DJ Action. A true and correct copy of National Indemnity's Denial Letter is attached as Exhibit E.

56. There is no coverage under the Policy for the Hudek DJ Action because the limits of the Policy are exhausted.

57. There is also no coverage under the Policy because the Hudek DJ Action does not state a claim for "bodily injury" or "property damage" caused by an "accident" resulting from the use of an "auto" as required by the Policy. *See* Exh. A at NATIONAL-TRIPLE B 0025.

58. National Liability seeks a declaratory judgment under 28 U.S.C. § 2201 that National Liability has no obligation to defend or indemnity Triple B and Peterson with regard to the Hudek DJ Action.

59. There exists a substantial, bona fide, actual and justiciable dispute between the parties with respect to coverage under the Policy for the Hudek DJ Action.

60. National Indemnity is therefore entitled to have a declaration of its rights and obligations under the Policy. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, National Indemnity respectfully prays as follows:

(1) That this Court enter a declaratory judgment that National Indemnity is under no obligation to defend or indemnify Triple B and Peterson, or to pay any expenses incurred by them, in connection with the Hudek DJ Action; and

(2) That National Indemnify be awarded such other and further relief that this Court deems just and proper.

                                      Respectfully submitted,

                                      COZEN O'CONNOR

                                      By: /s/ Katherine O'Mallery
                                            Attorney for Plaintiff National
                                            Indemnity Company of the South

Katherine O'Malley ARDC No. 29032-49
Wendy N. Enerson ARDC No. 6272377 *(pro hac vice to be filed)*
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100 (telephone)
(312) 382-8910 (facsimile)
wenerson@cozen.com
komalley@cozen.com

LEGAL\63122667\1 0023526/00434952